

# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
### EASTERN DISTRICT OF PENNSYLVANIA
US COURTHOUSE
PHILADELPHIA, PA 19106-1797

06-PT-342

**MICHAEL E. KUNZ, CLERK**
(215) 597-7704
FAX (215) 597-6390

ROOM 2609
601 MARKET STREET

## FACSIMILE COVER SHEET

# FILED

OCT 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DATE:  10-24-06        TIME:  2:00 P.M.

RECIPIENT'S FAX NUMBER:  ( 202 )  354-3008
(AREA CODE)

PLEASE DELIVER TO:  LINDA PUGH

DEPARTMENT:

FIRM/ORGANIZATION:

NO. OF PAGES :  26  (INCLUDING THIS PAGE)

FROM:  JIM HAMILTON

PHONE NUMBER:  (267)  299-7024

MESSAGE:  SUPERSEDING INDICTMENT - 10 pages

JUDGMENT & COMMITMENT  - 8 pages

DOCKET SHEET - 7 pages



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*06-PT-342*

*16*

| | |
|---|---|
| UNITED STATES OF AMERICA | :    CRIMINAL  NO. 98- 165 |
| | : |
| v. | :    DATE FILED _____ |
| | : |
| MAURICE ELLIOT CHILDS | :    VIOLATIONS:  21 U.S.C. § 846 – |
| RADAMES LOPEZ GONZALEZ | (Conspiracy to Distribute Cocaine – |
| a/k/a "Fransisco Vasquez" | One Count) |
| a/k/a "Tony" | 21 U.S.C. §853(a)(1), (2), and (p) |
| TERESA GONZALEZ | Forfeiture – Three Counts) |

*CMC*

## SUPERSEDING INDICTMENT

## COUNT ONE

THE GRAND JURY CHARGES THAT:

From in or around 1994, to on or about March 13, 1998, in the Eastern District of

Pennsylvania, and elsewhere, the defendants

MAURICE ELLIOT CHILDS
RADAMES LOPEZ GONZALEZ
a/k/a "Fransisco Vasquez"
a/k/a "Tony"
and
TERESA GONZALEZ

did knowingly and intentionally conspire, combine, confederate and agree with others

known and unknown to the Grand Jury to possess with the intent to distribute and to

distribute more than five kilograms of a mixture or substance containing a detectable amount

of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United

States Code, Section 841(a)(1).

## MANNER AND MEANS

It was part of the conspiracy that:

1.      Defendant MAURICE ELLIOT CHILDS purchased cocaine in the Philadelphia, Pennsylvania area, and other areas, from defendants RADAMES LOPEZ GONZALEZ and TERESA GONZALEZ.

2.      Defendant MAURICE ELLIOT CHILDS ordered the cocaine from defendants RADAMES LOPEZ GONZALEZ and TERESA GONZALEZ via pager or telephone for distribution in the Washington D.C. area.

3.      Defendants RADAMES LOPEZ GONZALEZ and TERESA GONZALEZ obtained the cocaine from sources known and unknown to the Grand Jury.

4.      Defendants RADAMES LOPEZ GONZALEZ and TERESA GONZALEZ then contacted defendant MAURICE ELLIOT CHILDS via pager or telephone to arrange for defendant CHILDS to pay for and receive the cocaine.

5.      Defendant MAURICE ELLIOT CHILDS met defendants RADAMES LOPEZ GONZALEZ and TERESA GONZALEZ at pre-arranged locations with money to purchase the cocaine.

6.      Defendant MAURICE ELLIOT CHILDS then paid defendant RADAMES LOPEZ GONZALEZ to transport the cocaine to the Washington D.C. area, and then deliver the cocaine to defendant CHILDS.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its object, the following overt acts, among others, were performed within the Eastern District of Pennsylvania:

1.    On or about February 28, 1998, defendant MAURICE ELLIOT CHILDS met with persons known to the grand jury and defendants RADAMES LOPEZ GONZALEZ and TERESA GONZALEZ to discuss the purchase of three kilograms of cocaine, and CHILDS stated that he was the source of the money for the purchase of the cocaine.

2.    On or about March 13, 1998, at approximately 5:30 p.m., defendants RADAMES LOPEZ GONZALEZ and TERESA GONZALEZ and other persons known to the Grand Jury arrived at the Ramada Inn, located in Tinicum, Pennsylvania, and entered a hotel room, which had been arranged for by an undercover Philadelphia Police Officer.  Defendants RADAMES LOPEZ GONZALEZ and TERESA GONZALEZ discussed the purchase of cocaine with persons known to the Grand Jury.

3.    On or about March 13, 1998, at approximately 6:45 p.m., defendant MAURICE ELLIOT CHILDS called defendant RADAMES LOPEZ GONZALEZ's cellular telephone and stated that he would arrive in the Ramada Inn parking lot at approximately 8:00 p.m.

4.    On or about March 13, 1998, at approximately 8:30 p.m., defendant TERESA GONZALEZ met defendant MAURICE ELLIOT CHILDS in the Ramada Inn parking lot.  Defendants TERESA GONZALEZ and MAURICE ELLIOT CHILDS then

entered the hotel room where defendants MAURICE ELLIOT CHILDS, RADAMES LOPEZ GONZALEZ, and TERESA GONZALEZ discussed the impending drug transaction with others known to the Grand Jury.

5.    During the discussion referred to in Overt Act 4, defendant MAURICE ELLIOT CHILDS opened a black backpack and placed over $54,000 in U.S. currency on the bed. Defendant MAURICE ELLIOT CHILDS also possessed another $1,886 in U.S. currency on his person. While in the hotel, defendants MAURICE ELLIOT CHILDS, RADAMES LOPEZ GONZALEZ, and TERESA GONZALEZ discussed receiving three kilograms of cocaine for this payment and receiving an additional seven kilograms on consignment.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

    1. The allegations of Count One of this Indictment for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853 are incorporated by reference here.

    2. As a result of the violations of Title 21, United States Code, Section 846, as set forth in Count One of this Indictment, defendant

### MAURICE ELLIOT CHILDS

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, the following property:

    a. Any and all real and/or personal property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code as charged in Count One of this Indictment, including but not limited to approximately $54,880 in United States currency possessed in the hotel room as alleged in Overt Act Six in Count One and approximately $1,886 in U.S. currency found on defendant's person at the time of his arrest.

    b. Any and all personal property of the defendant used or intended to be used, in any manner or part, to commit or to facilitate the commission of the violation of Title 21, United States Code as charged in Count One of this Indictment including, but not limited to the currency noted in paragraph (a) above.

c.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of defendant

### MAURICE ELLIOT CHILDS

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant.

In violation of Title 21, United States Code, Sections 853(a)(1) and (2), and 853(p).

### COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations of Count One of this Indictment for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853 are incorporated by reference here.

2. As a result of the violations of Title 21, United States Code, Section 846, as set forth in Count One of this Indictment, defendant

RADAMES LOPEZ GONZALEZ
a/k/a Fransisco Vasquez
a/k/a Tony

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, the following property:

a. Any and all real and/or personal property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code as charged in Count One of this Indictment;

b. Any and all personal property of the defendant used or intended to be used, in any manner or part, to commit or to facilitate the commission of the violation of Title 21, United States Code as charged in Count One of this Indictment;

c. If any of the property described above as being subject to forfeiture, as a result of any act or omission of defendant

RADAMES LOPEZ GONZALEZ
a/k/a Fransisco Vasquez
a/k/a Tony

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided

without difficulty, it is the intent of the United States of America, pursuant to Title 21, United

States Code, Section 853(p), to seek forfeiture of any other property of said defendant.

In violation of Title 21, United States Code, Sections 853(a)(1) and (2), and

853(p).

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations of Count One of this Indictment for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853 are incorporated by reference here.

2. As a result of the violations of Title 21, United States Code, Section 846, as set forth in Count One of this Indictment, defendant

### TERESA GONZALEZ

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, the following property:

a. Any and all real and/or personal property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code as charged in Count One of this Indictment;

b. Any and all personal property of the defendant used or intended to be used, in any manner or part, to commit or to facilitate the commission of the violation of Title 21, United States Code as charged in Count One of this Indictment;

c. If any of the property described above as being subject to forfeiture, as a result of any act or omission of defendant

### TERESA GONZALEZ

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant.

In violation of Title 21, United States Code, Sections 853(a)(1) and (2), and 853(p).

**A TRUE BILL:**

_[signature]_
FOREPERSON

_[signature]_
**MICHAEL R. STILES**
_United States Attorney_

First Assistant U.C. Attorney

# United States District Court

## Eastern District of Pennsylvania

UNITED STATES OF AMERICA

v.

**Maurice E. Childs**

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number: **2:98CR00165-001**

**Alfred Falcione, Esq.**
Defendant's Attorney

06 - PT - 342

**THE DEFENDANT:**

☒ pleaded guilty to count(s) __1 & 2 of the superseding indictment__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with the intent to distribute cocaine | 03/13/1998 | 1 |
| 21 U.S.C. § 853 (a)(1),(2)(p) | Forfeiture | 03/13/1998 | 2 |

FILED

MAR 11 1999

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

The defendant is sentenced as provided in pages 2 through ____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: __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__

Defendant's Date of Birth: __12/04/1968__

Defendant's USM No.: __51605-066__

Defendant's Residence Address:

__2028A 37th St. SE__

__Washington__ **DC** __20032__

Defendant's Mailing Address:

__Passaic County Jail__

__11 Marshall St__

__Patterson__ **NJ** __07501__

__03/10/1999__
Date of Imposition of Judgment

_(signature)_
Signature of Judicial Officer

Hon. William H. Yohn, Jr.

**U.S. District Court Judge**
Name & Title of Judicial Officer

__3/11/99__
Date

DEFENDANT:       Maurice E. Childs
CASE NUMBER:     2:98CR00165-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____70_____ month(s)_____.

70 months on count 1 of the superseding indictment

☒ The court makes the following recommendations to the Bureau of Prisons:

See page 2A

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

**PAGE 2-A**

1. UNLESS THE DEFENDANT HAS PAID HIS SPECIAL ASSESSMENT IN FULL, I RECOMMEND THAT THE DEFENDANT NOT BE RELEASED TO ANY COMMUNITY BASED PROGRAM, IN ACCORDANCE WITH THE BUREAU OF PRISONS' POLICIES, TO SERVE ANY PORTION OF HIS INCARCERATION.

2. THE DEFENDANT IS TO PARTICIPATE IN THE INMATE FINANCIAL RESPONSIBILITY PROGRAM.

3. THE COURT RECOMMENDS THE DEFENDANT BE INCARCERATED AT FCI FAIRTON OR FCI BUTNER IF THIS IS PRACTICAL AND IN ACCORDANCE WITH THE BUREAU OF PRISONS POLICIES. SO HE CAN BE CLOSE TO HIS FAMILY AND PARTICIPATE IN VOCATIONAL PROGRAMS AT THESE TWO INSTITUTIONS.

DEFENDANT:    **Maurice E. Childs**

CASE NUMBER:    2:98CR00165-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____5_____ year(s) .

**5 years on count 1 of the superseding indictment**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).
See Special Conditions of Supervision - Page 4

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        **Maurice E. Childs**
CASE NUMBER:      **2:98CR00165-001**

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to one drug urinalysis within 15 dyas after being placed on supervision and at least two periodic tests thereafter.

2. The defendant shall participate in a drug and alcohol program if deemed neccessary by th probation officer.

3. The defendant shall pay the balance of the fine and special assessment imposed by this judgement that remains unpaid at the commencement of his term of supervised release and adhere to the court ordered installment basis.

4. The defendant is to notify the U.S. Attorney of any change in mailing or residence address while any portion of the fine remains unpaid.

DEFENDANT:    Maurice E. Childs
CASE NUMBER:    2:98CR00165-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $      100.00 | $      500.00 | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .    $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $  _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:       Maurice E. Childs
CASE NUMBER:     2:98CR00165-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☐  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☒  in installments to commence ___30___ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____
        over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

Judgment-Page __7__ of __7__

DEFENDANT:     Maurice E. Childs
CASE NUMBER:    2:98CR00165-001

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):


Guideline Range Determined by the Court:

Total Offense Level:     31

Criminal History Category:     IV

Imprisonment Range:   151 to 188 months

Supervised Release Range:   5 years

Fine Range: $ ___45,000.00___ to $ ___4,000,000.00___

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):


☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):




## OR

☒ The sentence departs from the guideline range:

☒ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

CLOSED, SEALDC

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CRIMINAL DOCKET FOR CASE #: 2:98-cr-00165-WY-1
#### Internal Use Only

*06 - PT-342*

Case title: USA v. CHILDS, et al                    Date Filed: 04/02/1998
Magistrate judge case number: 2:98-mj-00252

--------------------------------------------------------------------

Assigned to: JUDGE WILLIAM H.
YOHN, JR

**Defendant**

**MAURICE ELLIOT CHILDS** (1)          represented by  **ALFRED J. FALCIONE**
*TERMINATED: 03/11/1999*                GRADY & FALCIONE, LLP
                                        1500 SANSOM ST.
                                        SECOND FL
                                        PHILADELPHIA, PA 19102
                                        215-940-2858
                                        Email: alfred@gfesquire.com
                                        *TERMINATED: 03/11/1999*
                                        *LEAD ATTORNEY*
                                        *Designation: Retained*

                                        **ROCCO C. CIPPARONE, JR.**
                                        LAW OFFICES OF ROCCO C.
                                        CIPPARONE
                                        203-205 BLACK HORSE PIKE
                                        HADDON HEIGHTS, NJ 08035
                                        856-547-2100
                                        Email: cipparonelaw@aol.com
                                        *TERMINATED: 04/20/1998*
                                        *LEAD ATTORNEY*
                                        *Designation: CJA Appointment*

**Pending Counts**                      **Disposition**

21:846 CONSPIRACY TO
DISTRIBUTE COCAINE
(1)

21:846 CONSPIRACY TO                    IMPRISONMENT 70 MONTHS;
DISTRIBUTE COCAINE                      SUPERVISED RELEASE 5 YEARS;
(1s)                                    FINE $500.00; SPECIAL
                                        ASSESSMENT $100.00.

1 of 7

21:853(a)(1),(2), and (p) FORFEITURE
(2)

21:853(a)(1)&(2), 853(p) CRIMINAL
FORFEITURES
(2s)

## Highest Offense Level (Opening)

Felony

## Terminated Counts                                    Disposition

None

## Highest Offense Level (Terminated)

None

## Complaints                                           Disposition

None

## Plaintiff

USA                          represented by   **JOSEPH R. BIDEN, III**
                                              U.S. ATTORNEY'S OFFICE
                                              615 CHESTNUT ST.
                                              SUITE 1250
                                              PHILA, PA 19106-4476
                                              TEL 215-861-8200
                                              Fax: 215-861-8618
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/13/1998 | | **Location LC as to MAURICE ELLIOT CHILDS (ar) (Entered: 04/24/1998) |
| 03/14/1998 | | Initial appearance as to MAURICE ELLIOTT CHILDS HELD (Defendant informed of rights.) [ 2:98-m -252 ] (ar) (Entered: 03/16/1998) |
| 03/16/1998 | 1 | Complaint as to MAURICE ELLIOTT CHILDS, affidavit of Officer Wilbert Kane, Philadelphia Police Department, DEA Task Force. [ 2:98-m -252 ] (rp) (Entered: 03/16/1998) |
| 03/16/1998 | | ARREST Warrant issued as to MAURICE ELLIOTT CHILDS. [ 2:98-m -252 ] (rp) (Entered: 03/16/1998) |

| 03/16/1998 | 2 | Minute entry as to MAURICE ELLIOTT CHILDS dated 03/14/98: Initial Appearance; Defendant arrested on 03/13/98: Defendant is temporarily detained, continued until 03/17/98, 2:00 P.M. before Judge Scuderi for preliminary exam/pretrial detention hearing. [ 2:98-m -252 ] (ar) (Entered: 03/16/1998) |
| --- | --- | --- |
| 03/16/1998 | | **Added Government Attorney VIRGIL B. WALKER [ 2:98-m -252 ] (ar) (Entered: 03/16/1998) |
| 03/16/1998 | 3 | CJA 23 Financial Affavidit by MAURICE ELLIOTT CHILDS. [ 2:98-m -252 ] (ar) (Entered: 03/16/1998) |
| 03/16/1998 | | **Added Government Attorney VIRGIL B. WALKER [ 2:98-m -253 ] (ar) (Entered: 03/16/1998) |
| 03/16/1998 | | **Added Government Attorney VIRGIL B. WALKER [ 2:98-m -251 ] (ar) (Entered: 03/16/1998) |
| 03/18/1998 | 4 | Minute entry as to MAURICE ELLIOTT CHILDS dated 03/17/98: Continued at request of defense counsel to Friday, 03/20/98, before J. Scuderi, at 2:00 P.M. [ 2:98-m -252 ] (ar) (Entered: 03/18/1998) |
| 03/19/1998 | 5 | ORDER DATED 03/14/98, AS TO MAURICE ELLIOTT CHILDS THAT A DETENTION HEARING IS SET FOR MARCH 17, 1998, AT 2:00 P.M. BEFORE JUDGE SCUDERI, ETC. ( SIGNED BY MAGISTRATE JUDGE TULLIO G. LEOMPORRA ), 03/19/98 ENTERED. [ 2:98-m -252 ] (ar) (Entered: 03/19/1998) |
| 03/19/1998 | 6 | CJA 20 as to MAURICE ELLIOTT CHILDS: Appointment of Attorney ROCCO C. CIPPARONE JR. Voucher # 0703903 (Signed by MAGISTRATE JUDGE TULLIO G. LEOMPORRA) [ 2:98-m -252 ] (cmc) (Entered: 03/19/1998) |
| 03/19/1998 | 7 | ARREST Warrant Returned Executed as to MAURICE ELLIOTT CHILDS on 3/13/98. [ 2:98-m -252 ] (ar) (Entered: 03/20/1998) |
| 03/20/1998 | 8 | Minute entry as to MAURICE ELLIOTT CHILDS dated 3/20/98 re: Detention Hrg.- Stipulation to probable cause, deft detained pending trial. (PBS) [ 2:98-m -252 ] (cmc) (Entered: 03/23/1998) |
| 03/20/1998 | 9 | ORDER OF DETENTION DATED 3/20/98 AS TO MAURICE ELLIOTT CHILDS THAT DEFT IS DETAINED PENDING TRIAL AND COMMITTED TO CUSTODY OF THE ATTY GENERAL FOR CONFINEMENT IN A CORRECTIONS FACILITY, ETC. (SIGNED BY MAGISTRATE JUDGE PETER B. SCUDERI) 3/23/98 ENTERED AND COPIES MAILED/FAXED. [ 2:98-m -252 ] (cmc) (Entered: 03/23/1998) |
| 04/02/1998 | | **Indictment filed in Criminal Case. [ 2:98-m -252 ] (cmc) (Entered: 04/02/1998) |
| 04/02/1998 | 10 | Indictment as to MAURICE ELLIOTT CHILDS (1) count(s) 1, 2 (lal) (Entered: 04/02/1998) |

| 04/02/1998 | | **Added Government Attorney JOSEPH R. BIDEN III (lal) (Entered: 04/02/1998) |
|---|---|---|
| 04/20/1998 | 11 | ORDER DATED 4/17/98 APPROVING SUBSTITUTION OF THE LAW FIRM OF BOCHETTO & LENTZ AS ATTORNEY FOR DEFT. MAURICE ELLIOT CHILDS. ( SIGNED BY JUDGE WILLIAM H. YOHN JR. ), 4/20/98 ENTERED AND COPIES MAILED AND FAXED. (jh) (Entered: 04/20/1998) |
| 04/20/1998 | | **Added for MAURICE ELLIOT CHILDS Attorney ALFRED J. FALCIONE. (jh) (Entered: 04/20/1998) |
| 04/20/1998 | | **Terminated attorney ROCCO C. CIPPARONE for MAURICE ELLIOT CHILDS. (Per Document # 11) (jh) (Entered: 04/20/1998) |
| 04/23/1998 | | Arraignment HELD MAURICE ELLIOT CHILDS (1) count(s) 1. (jh) (Entered: 04/23/1998) |
| 04/23/1998 | 12 | Plea of 4/23/98 entered by MAURICE ELLIOT CHILDS. Court accepts plea. NOT GUILTY: MAURICE ELLIOT CHILDS (1) count(s) 1 . Trial set for 5/11/98. (CSMW) (jh) (Entered: 04/23/1998) |
| 05/13/1998 | 13 | MOTION BY MAURICE ELLIOT CHILDS TO EXTEND TRIAL DATE , CERT. OF SERVICE. (jh) (Entered: 05/13/1998) |
| 05/13/1998 | | **Excludable XE started as to MAURICE ELLIOT CHILDS re [13-1] MOTION TO EXTEND TRIAL DATE (sb) (Entered: 05/19/1998) |
| 05/14/1998 | 14 | ORDER FOR SPEEDY TRIAL ACT DELAY: XE STARTED as to MAURICE ELLIOT CHILDS re: [13-1] MOTION TO EXTEND TRIAL DATE. ( SIGNED BY JUDGE WILLIAM H. YOHN JR. ), 5/14/98 ENTERED AND COPIES MAILED AND FAXED. (jh) (Entered: 05/14/1998) |
| 05/14/1998 | 15 | ORDER DATED 5/14/98 AS TO MAURICE ELLIOT CHILDS GRANTING [13-1] MOTION TO EXTEND TRIAL DATE FROM 5/11/98 TO 7/20/98, ETC. (SIGNED BY JUDGE WILLIAM H. YOHN JR.) 5/15/98 ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 05/15/1998) |
| 06/11/1998 | 16 | Superseding Indictment as to MAURICE ELLIOT CHILDS (1) count(s) 1s, 2s , RADAMES LOPEZ GONZALEZ (2) count(s) 1, 3(forfeiture), TERESA GONZALEZ (3) count(s) 1, 4(forfeiture) . (cmc) Modified on 06/26/1998 (Entered: 06/12/1998) |
| 06/11/1998 | | **Indictment filed in Criminal Case. [ 2:98-m -253 ] (cmc) (Entered: 06/12/1998) |
| 06/11/1998 | | **Indictment filed in Criminal Case. [ 2:98-m -251 ] (cmc) (Entered: 06/12/1998) |
| 06/12/1998 | | **Excludable XT start as to MAURICE ELLIOT CHILDS (sb) (Entered: 06/12/1998) |

| 06/25/1998 | | Arraignment HELD MAURICE ELLIOT CHILDS (1) count(s) 1s. (jh) (Entered: 06/25/1998) |
|---|---|---|
| 06/25/1998 | 17 | Plea of 6/25/98 entered by MAURICE ELLIOT CHILDS. Court accepts plea. NOT GUILTY: MAURICE ELLIOT CHILDS (1) count(s) 1s . Trial set for 7/20/98. (CSMW) (jh) (Entered: 06/25/1998) |
| 07/07/1998 | 23 | ORDER DATED 7/6/98 GRANTING [22-1] MOTION FOR EXTENSION OF TIME FOR TRIAL AS TO TERESA GONZALEZ (3). RESETTING JURY TRIAL FOR 8/31/98 FOR MAURICE ELLIOT CHILDS, FOR RADAMES LOPEZ GONZALEZ, FOR TERESA GONZALEZ . THE ENTIRE PERIOD OF THIS CONTINUANCE IS EXCLUDED UNDER 18:3161(h)(8) OF THE SPEEDY TRIAL ACT. ( SIGNED BY JUDGE WILLIAM YOHN JR. ), 7/7/98 ENTERED AND COPIES MAILED AND FAXED. (jh) (Entered: 07/07/1998) |
| 07/07/1998 | 24 | ORDER FOR SPEEDY TRIAL ACT DELAY: XE STARTED as to MAURICE ELLIOT CHILDS, RADAMES LOPEZ GONZALEZ, TERESA GONZALEZ re: [22-1] MOTION FOR EXTENSION OF TIME FOR TRIAL. ( SIGNED BY JUDGE WILLIAM H. YOHN JR. ), 7/7/98 ENTERED AND COPIES MAILED AND FAXED. (jh) (Entered: 07/07/1998) |
| 07/21/1998 | 27 | ORDER DATED 7/20/98 GRANTING [26-1] MOTION FOR EXTENSION OF TIME FOR TRIAL AS TO RADAMES LOPEZ GONZALEZ (2). RESETTING JURY TRIAL FOR 9/14/98 FOR MAURICE ELLIOT CHILDS, FOR RADAMES LOPEZ GONZALEZ, FOR TERESA GONZALEZ . THE ENTIRE PERIOD OF THIS CONTINUANCE IS EXCLUDED UNDER 18:3161 OF THE SPEEDY TRIAL ACT. ( SIGNED BY JUDGE WILLIAM H. YOHN JR. ), 7/21/98 ENTERED AND COPIES MAILED AND FAXED. (jh) (Entered: 07/21/1998) |
| 09/02/1998 | 38 | MOTION BY USA AS TO MAURICE ELLIOT CHILDS, RADAMES LOPEZ GONZALEZ, TERESA GONZALEZ FOR CONTINUANCE . (jh) (Entered: 09/02/1998) |
| 09/08/1998 | 39 | ORDER DATED 9/4/98 GRANTING [38-1] MOTION FOR CONTINUANCE AS TO MAURICE ELLIOT CHILDS (1), RADAMES LOPEZ GONZALEZ (2), TERESA GONZALEZ (3). TRIAL IS CONTINUED UNTIL 10/21/98. THE ENTIRE PERIOD OF CONTINIUANCE IS EXCLUDED UNDER 3161(h)(8) OF THE SPEEDY TRIAL ACT. ( SIGNED BY JUDGE WILLIAM H. YOHN JR. ), 9/8/98 ENTERED AND COPIES MAILED. COPIES FAXED BY CHAMBERS. (jh) (Entered: 09/08/1998) |
| 09/08/1998 | | Deadline updated as to MAURICE ELLIOT CHILDS, RADAMES LOPEZ GONZALEZ, TERESA GONZALEZ, RESETTING JURY TRIAL FOR 10/21/98 for MAURICE ELLIOT CHILDS, for RADAMES LOPEZ GONZALEZ, for TERESA GONZALEZ . (jh) (Entered: 09/08/1998) |

| 10/21/1998 | | Change of Plea Hearing as to MAURICE ELLIOT CHILDS, RADAMES LOPEZ GONZALEZ, TERESA GONZALEZ HELD. (jh) (Entered: 10/21/1998) |
|---|---|---|
| 10/21/1998 | 47 | Plea of 10/21/98 entered by MAURICE ELLIOT CHILDS. Court accepts plea. GUILTY: MAURICE ELLIOT CHILDS (1) count(s) 1s, 2s . Sentencing set for 2/2/99 AT 4:00 P.M. (jh) (Entered: 10/21/1998) |
| 10/21/1998 | | Deadline updated as to MAURICE ELLIOT CHILDS, SETTING SENTENCING FOR 4:00 P.M. 2/2/99 for MAURICE ELLIOT CHILDS . (jh) (Entered: 10/21/1998) |
| 10/21/1998 | 50 | Guilty Plea Agreement as to MAURICE ELLIOT CHILDS. (jh) (Entered: 10/21/1998) |
| 10/22/1998 | | **Excludable stopped as to MAURICE ELLIOT CHILDS, RADAMES LOPEZ GONZALEZ, TERESA GONZALEZ (ar) (Entered: 10/22/1998) |
| 10/22/1998 | 53 | Change of Plea Memorandum by USA as to MAURICE ELLIOT CHILDS, Cert. of Service. (jh) (Entered: 10/23/1998) |
| 02/02/1999 | | **Terminated party RADAMES LOPEZ GONZALEZ. (jh) (Entered: 02/02/1999) |
| 03/04/1999 | | **Terminated party TERESA GONZALEZ. (jh) (Entered: 03/05/1999) |
| 03/05/1999 | 70 | Sentencing Memorandum by USA as to MAURICE ELLIOT CHILDS. Cert. of Service. (lb) (Entered: 03/05/1999) |
| 03/05/1999 | 71 | MOTION BY USA AS TO MAURICE ELLIOT CHILDS FOR DOWNWARD DEPARTURE FROM SENTENCING GUIDELINES AND THE MANDATORY MINIMUM TERM OF IMPRISONMENT, CERT. OF SERVICE. (lb) (Entered: 03/05/1999) |
| 03/10/1999 | | Sentencing HELD MAURICE ELLIOT CHILDS (1) count(s) 1s. (jh) (Entered: 03/11/1999) |
| 03/11/1999 | 72 | ORDER DATED 3/10/99 GRANTING [71-1] MOTION FOR DOWNWARD DEPARTURE FROM SENTENCING GUIDELINES AND THE MANDATORY MINIMUM TERM OF IMPRISONMENT, AS TO MAURICE CHILDS (1). ( SIGNED BY JUDGE WILLIAM H. YOHN JR. ), 3/11/99 ENTERED AND COPIES MAILED AND FAXED. (jh) (Entered: 03/11/1999) |
| 03/11/1999 | 73 | Minute entry as to MAURICE ELLIOT CHILDS dated 3/10/99 re: Sentencing. Ct. 1s - Imprisonment 70 months; Supervised Release 5 Years; Fine $500.00; Special Assessment $100.00. (jh) (Entered: 03/11/1999) |
| 03/11/1999 | 74 | JUDGMENT OF 3/10/99 AS TO MAURICE ELLIOT CHILDS (1) count(s) 1s. IMPRISONMENT 70 MONTHS; SUPERVISED RELEASE 5 YEARS; FINE $500.00; SPECIAL ASSESSMENT $100.00. ( SIGNED BY JUDGE WILLIAM H. YOHN JR. ), 3/11/99 ENTERED. (jh) |

| | | (Entered: 03/11/1999) |
|---|---|---|
| 03/11/1999 | | **Terminated party MAURICE ELLIOT CHILDS. (jh) (Entered: 03/11/1999) |
| 03/11/1999 | | **Case closed as to all defendant as to MAURICE ELLIOT CHILDS, RADAMES LOPEZ GONZALEZ, TERESA GONZALEZ. (jh) (Entered: 03/11/1999) |
| 04/09/1999 | 75 | Judgment Returned Executed as to MAURICE ELLIOT CHILDS on 4/5/99. (jh) (Entered: 04/09/1999) |
| 01/23/2003 | 91 | Praecipe to satisfy judgment by USA as to MAURICE ELLIOT CHILDS. (jh) (Entered: 01/23/2003) |
| 03/03/2004 | 93 | Probation Jurisdiction Transferred to District of Columbia as to MAURICE ELLIOT CHILDS Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (jh, ) (Entered: 03/03/2004) |